O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA JO PETERS,<br><br>        Plaintiff,<br><br>   v.<br><br>EMPLOYMENT DEVELOPMENT DEPT. OF CALIFORNIA; et al.,<br><br>        Defendants. | Case Nos.<br><br>EDCV 13-01628-VAP (OPx)<br>**EDCV 13-01022-R (SPx)**<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF ORDER DECLARING HER TO BE A VEXATIOUS LITIGANT**<br><br>**[Motion filed on March 16, 2015]** |

On March 16, 2015, Plaintiff Martha Jo Peters ("Peters") filed an "Equitable Motion to Void Ab Initio and to Vacate the Two Orders Declaring the Plaintiff a Vexatious Litigant and Dismissing Her Complaints" ("Motion").[1] (Doc. No. 49.) The Motion is sixty-four pages, with exhibits, expressing Peters's dissatisfaction

---

[1] Though Peters's Motion bears the case number "EDCV-13-1022-R(SPx)," because the Motion seeks reconsideration of the order declaring her to be a vexatious litigant, which was entered in the case number EDCV 13-01628-VAP (OPx), the Motion is properly before the undersigned.

1  with being declared a vexatious litigant in state and
2  federal court, and describing various alleged
3  conspiracies — perpetrated by Rupert Murdoch, California
4  Attorney General Kamala Harris, and judicial officers of
5  Riverside and San Bernardino Superior Courts — to deprive
6  her of her rights.
7
8       In sum, the Motion again requests the Court
9  reconsider its previous order declaring her to be a
10 vexatious litigant.  Moreover, she also requests the
11 Court vacate an order of the California Superior Court
12 declaring her to be a vexatious litigant.
13
14      The Court lacks the jurisdiction to do the latter and
15 Peters has set forth no basis for it to do the former.
16 The Court denied a similar motion for reconsideration of
17 the vexatious litigant order on February 20, 2014.  (Doc.
18 No. 38.)
19
20      A motion for reconsideration must do two things.
        First, it must demonstrate some reason why the
21      court should reconsider its prior decision.
        Second, it must set forth facts or law of a
22      strongly convincing nature to induce the court
        to reverse its prior decision.  Courts have
23      distilled three major grounds justifying
        reconsideration: (1) an intervening change in
24      controlling law; (2) the availability of new
        evidence; and (3) the need to correct clear
25      error or prevent manifest injustice.

26 All Hawaii Tours, Corp. v. Polynesian Cultural Ctr., 116
27 F.R.D. 645, 649 (D. Haw. 1987) rev'd on other grounds,
28

1  855 F.2d 860 (9th Cir. 1988); In re Agric. Research &
2  Tech. Grp., Inc., 916 F.2d 528, 542 (9th Cir. 1990)
3  ("Motions for reconsideration may properly be denied
4  where the motion fails to state new law or facts.").

6      While Peters's Motion does contain a lengthy
7  assortment of new allegations, none of those facts are
8  germane to the underlying action or her Motion.
9  Accordingly, the Court DENIES the Motion.  The order
10 declaring Peters to be a vexatious litigant remains in
11 place.

13     **IT IS SO ORDERED.**

16 Dated:  March 24, 2015
                                    _____
17                                    VIRGINIA A. PHILLIPS
                                    United States District Judge